IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN MERIK CACCAVARI,

    Plaintiff,

v.                                      CASE NO. 5:12-cv-20-MP-GRJ

HIGHTOWER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1 and 2. On February 7, 2012, the Court ordered Plaintiff to show cause on or before February 22, 2012, as to why this case should not be dismissed for abuse of the judicial process. Plaintiff was warned that failure to respond would result in a recommendation that this case be dismissed without further notice. Doc. 4. As of this date, Plaintiff has failed to respond to the show cause order. For the following reasons, the undersigned recommends that this case be dismissed for abuse of the judicial process.

Plaintiff is presently incarcerated at Apalachee Correctional Institution. The instant Complaint stems from events that occurred while Plaintiff was confined at Gulf Correctional Institution and at Apalachee CI. Plaintiff alleges that he was subjected to Eighth Amendment violations and sexual harassment at Gulf CI, and that a corrections officer stole his legal mail and charged him with a false disciplinary offense. He alleges that officials at Apalachee have retaliated against him for events that occurred at Gulf CI by threatening to tamper with his legal mail, and that the assistant warden at

Apalachee CI choked him and told him that he would "slave in the kitchen." Plaintiff seeks transfer to another prison, an order of protection, and monetary damages. Doc. 1.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 4. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." Doc. 1 at 3.

In response to these questions, Plaintiff identified one prior case: *Caccavari v. Bush*, Case. No. 5:11-cv-325-RS-CJK. Plaintiff represented that this case was dismissed in November 2011 for "[f]ailure to pay filing fee." *Id*. A review of the docket in that case reflects that it has not been dismissed. A ruling on Plaintiff's motion for leave to proceed as a pauper in that case was deferred because Plaintiff did not provide a copy of his six-month prison account statement. Plaintiff was afforded an opportunity to correct the deficiency, and when he did not do so the Magistrate Judge recommended that the case be dismissed for failure to prosecute. As of this date, the case remains pending. *See id*., Doc. 8.

Further, on the instant Complaint Plaintiff failed to respond either "yes" or "no" as

to whether he ever had any actions in federal court that were dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Doc. 1 at 4. A review of the Court's PACER Case Locator reflects that Plaintiff has in fact filed a recent, prior, federal case that he failed to disclose under this section. *See Caccavari v. Taylor,* Case No. 6:11-cv-1669-Orl-28DAB (M.D. Fla.). In that case, Plaintiff sought leave to proceed as a pauper in a federal civil lawsuit against employees of the Florida Department of Children and Families, asserting claims stemming from a child custody dispute. The court denied leave to proceed as a pauper, and dismissed the case pursuant to 28 U.S.C § 1915(e) for failure to state a claim upon which relief may be granted. *Id*., Docs. 3 & 4 (11/15/11). Plaintiff executed the Complaint in that case on October 1, 2011. *Id*. Doc. 1. Plaintiff certified that he mailed the instant Complaint on December 9, 2011, although it was not received for filing in this Court until February 1, 2012.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 5:12-cv-20-MP-GRJ*

misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.").

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be **DENIED**, and that this case be **DISMISSED** for failure to comply with an order of the court, failure to prosecute, and for abuse of the judicial process.

**IN CHAMBERS** this 8th day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.